UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7 (06/15 HRG OFF)
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2330 PSG (Ssx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | Alice Tomassian v. Bloomingdales, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiff's motion to remand

Pending before the Court is Plaintiff Alice Tomassian's ("Plaintiff") motion to remand. Dkt. # 7. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court GRANTS the motion to remand.

I.   Background

On or about January 9, 2013, Plaintiff was shopping at Defendant Bloomingdale's Inc.'s ("Bloomingdale's") department store in Sherman Oaks, California. *Compl.* ¶¶ 2, 8. While Plaintiff was looking at clothing, a Bloomingdale's employee hurriedly exited a dressing room and collided with Plaintiff. *Id.* ¶ 9. Plaintiff fell to the ground, sustaining physical and emotional injuries, including but not limited to, the shifting of her internal organs and her low back. *Id.* ¶¶ 9, 11.

Plaintiff filed this case against Defendants Bloomingdale's and Macy's, Inc. ("Macy's") on December 26, 2014 in Los Angeles Superior Court. *See generally id*. Plaintiff asserts claims for premises liability and negligence. *Id.* ¶¶ 7-19. Bloomingdale's and Macy's were served with a summons and complaint on January 26, 2015.  *Avazian Decl.*, Ex. D.  Defendant Bloomingdale's removed the action to federal court on March 30, 2015 on diversity grounds. Dkt # 1. However, Defendant Macy's was not joined in the removal action. *See id*; *Avazian Decl.* ¶ 6. Plaintiff now moves to remand this case. Dkt # 7.

II.   Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2330 PSG (Ssx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | Alice Tomassian v. Bloomingdales, Inc., *et al.* | | |

over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

For removal to be proper, it must comply with certain procedural requirements. One such requirement is the condition that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Home Safety Ass'n of Am., LLC v. Universal Administrators Servs., Inc.*, No. CV 15-00838 BRO JEMX, 2015 WL 1459982, at *2 (C.D. Cal. Mar. 30, 2015); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.), Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

III. Discussion

Plaintiff moves for remand on the following three grounds: (1) Defendant Bloomingdale's Notice of Removal was untimely; (2) Defendant Bloomingdale's Notice of Removal is defective because co-defendant Macy's did not join or consent to the Notice of Removal at the time the removal was filed; and (3) Plaintiff intends to file a Motion to Remand once the identity of the doe Defendant, employee/agent of Defendant Bloomingdale's, is produced in discovery. The Court will only address Plaintiff's second claim because it is dispositive.

As stated above, all "properly joined and served" defendants must join in a Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A). In this case, Defendants Bloomingdale's and Macy's were served with a summons and complaint in state court on January 26, 2015. *Mot.* 7:11-12. On March 30, 2015, Defendant Bloomingdales filed a Notice of Removal in U.S. District Court. *Id.* 7:17. However, Defendant Macy's neither filed a Notice of Removal, nor joined in Bloomingdale's Notice of Removal at that time. *See* Dkt. # 1; *Avazian Decl.* ¶ 6.

A defendant seeking to remove an action to federal court has the burden of establishing grounds for federal jurisdiction. It also has the burden of showing it complied with procedural requirements for removal. *Prize Frize, Inc.,*167 F.3d at 1266.

In its opposition, Defendant Bloomingdale's states that Defendant Macy's affirmatively consented to Bloomingdale's Notice of Removal. *Opp*. 3:7. However, Bloomingdale's bald assertion that Macy's consents to its Notice of Removal is inadequate. Bloomingdale's contends

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2330 PSG (Ssx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | Alice Tomassian v. Bloomingdales, Inc., *et al.* | | |

that because it is a wholly owned subsidiary of Macy's, it can consent to removal on Macy's behalf. *Opp.* 3:2,7. However, Bloomingdale's has not offered the Court any evidence to confirm its subsidiary status. In its opposition, counsel for Bloomingdale's provides no declaration, affidavit, or exhibit establishing the existence of a relationship between Bloomingdale's and Macy's. *See generally Opp.* Moreover, even if Bloomingdale's had successfully confirmed its subsidiary status, it offers no evidence that Bloomingdale's is authorized to consent to removal on Macy's behalf. *Id.* Thus, because Defendant Bloomingdale's has not established either the relationship between Bloomingdale's and Macy's or its ability to consent to removal on Macy's behalf, Bloomingdale's has not met its burden of demonstrating the propriety of its removal action. Federal jurisdiction must therefore be rejected.

IV.   Conclusion

      For the foregoing reasons, the Court GRANTS Plaintiff's motion and REMANDS this action to state court.

      **IT IS SO ORDERED.**